fluenced by any decision of this Court, we should doubtless come to the contrary conclusion. But owing to the peculiar constitution of the Supreme Court of this Territory, as it now exists, and to the unsettled state which would obtain as to the practice in the Territory if we were to hold that appeals will lie in cases like the one under consideration, and the other two members of said Court hold the contrary, we have come to the conclusion that the public interests will be best subserved if we treat this question as *stare decisis*, and allow the rule established by the case of *Mc Cormick* v. *The W. W. & C. R. R.*, 1st Wash. Ty. Reports, 512, to stand as the settled law of the Territory.

I concur : GEORGE TURNER, Associate Justice.

---

## WILLIAM A. JENNINGS, PLAINTIFF IN ERROR,

*v.*

## PETER BARTELS, DEFENDANT IN ERROR.

Only final judgments, orders and decisions are reviewable in this Court.

ERROR, to Third Judicial District, holding terms at Seattle.

To the judgment ordered in the District Court, the following order was appended : " And it appearing to the Court that the cause of action herein is one in which the defendant may be arrested, under Section 116 of the Code of Washington Territory, it is now ordered by the Court that execution issue as well against the person as the property of defendant."

Thereafter execution issued on said judgment against the person of the plaintiff in error, and he was arrested. After said arrest, plaintiff in error moved the Court to vacate and set aside the portion of the judgment above recited; from which action of the Court this appeal was taken. On the authority of the case of *Wells, Fargo & Co.* v. *Northern Pacific R. R. Co.*, the appeal was dismissed, because the order complained of was not appealable.

McNaught, Ferry, McNaught & Mitchell, for Plaintiff in error.

Burke & Rasin and J. R. Lewis, for Defendant in error.